**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT E. HARRIS,**

                **Appellant,**

       **v.**                                                  **1:05-CV-0525**[1]
                                                           **1:05-CV-0526**
**ALBANY COUNTY OFFICE, and**                    **(GLS)**
**DAVID P. POLAN,** as Commissioner
of Management and Budget of the
County of Albany**,**

                **Appellees,**

**MARK SWIMELAR,**

                **Trustee.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE APPELLANT:**

Office of Robert E. Harris                ROBERT E. HARRIS, ESQ.
67 Columbia Street
Albany, New York 12210

_____

[1] Harris has filed two appeals, namely, 1:05-CV-0525 and 1:05-CV-0526.  They present the same legal issues.  The parties' positions are based on indistinguishable appellate records and identical legal arguments. Therefore, for the purposes of its decision, the court will consolidate the issues as they apply to both cases, and it will not refer herein to the cases as separate and distinct from one another.

**FOR THE APPELLEES:**

| | |
|---|---|
| Albany County Department of Law<br>112 State Street, Room 900<br>Albany, New York 12207 | TONIA L. SUMMERS, ESQ. |

**FOR THE TRUSTEE:**

| | |
|---|---|
| Office of Mark W. Swimelar<br>250 South Clinton Street<br>Suite 203<br>Syracuse, New York 13202 | LYNN HARPER WILSON, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Appellant-debtor, Robert Harris, seeks review of the Bankruptcy Court's (1) dismissal with prejudice of debtor's bankruptcy petition (Case No. 04-15335); and (2) dismissal of debtor's adversary proceeding (Adv. Pro. No. 04-90287). Harris also seeks the court's reconsideration of it's denial to reopen Case No. 1:03-CV-1404. For the reasons that follow: (1) The Bankruptcy Court's decisions are **AFFIRMED**; (2) Harris' appeal is **DISMISSED**; and (3) the court declines to revisit its decision in Case No.

1:03-CV-1404.[2]

## II. **Background**

Harris purchased rental income property at 323 State Street, Albany, New York, in 1976 and at 38 South Main Avenue, Albany, New York in 1979.[3] Harris fell behind on property taxes on both properties, and in 1997, the County of Albany initiated a tax foreclosure action. On January 5, 2001, appellee County took deed title to properties located at 38 South Main Avenue and 323 State Street in Albany. On January 24, 2001, Harris filed a Chapter 13 bankruptcy petition and plan.[4] Consistent with that plan, Harris sought to avoid the two deeds conveying the properties to the

---

[2]As to the invitation to revisit Case No. 1:03-CV-1404, the court declines to do so for the reasons articulated in the Omnibus Text Order dated August 16, 2005. *See* Omnibus Text Order, Aug. 16, 2004; Case No. 1:03-CV-1404. Harris currently has an appeal pending before the Second Circuit.

[3]Harris invested his financial savings in the acquisition and ownership of six parcels of land. Albany County seized Harris' two most significant parcels in an *in rem* tax foreclosure proceeding. The County filed proof of claim for taxes accruing against these parcels for $436,000.00, but Harris claims that the appraised value on the parcels is $760,000.00.

[4]Amended plans were filed on June 21, October 9, October 18, October 22, December 10, 2001, December 18, 2002, and April 11, June 4, and June 20, 2003.

3

County. The Bankruptcy Court dismissed the case without confirming any of Harris' proposed plans because Harris failed to provide copies of his tax returns and pay post-petition real property taxes. Harris refiled for Chapter 13 on November 6, 2003, and the court dismissed his case for a second time. On June 2, 2004, the County commenced another *in rem* proceeding against a third parcel, 24 Spring Street, claiming a $25,000.00 debt.[5] On August 13, Harris filed a third Chapter 13 bankruptcy petition, and on November 16, he filed an adversary proceeding.

Harris refers to a court-approved Stipulation agreed to by the parties on November 18. The Stipulation states: (1) that the preferential transfer issue of the first two parcels would be added to and decided in the new adversarial proceeding along with the preferential transfer issue of the third parcel; (2) that the debtor would withdraw his claim to the properties in favor of a claim to the proceeds of the sales; (3) that the sales by the

---

[5] The third parcel was obtained to satisfy a $25,000.00 debt. Harris paid $15,000.00 on the debt but was unable to pay the remaining $10,000.00. The County sold the property for $46,000.00. Harris believes that the County has received a voidable preferential transfer of $475,826.49 in total on the seizure of the three parcels. He maintains that the properties, or the excess value of the proceeds from the properties, should be returned to the estate so that it may be liquidated and used to pay all creditors in full.

4

County would be confirmed by the court; and (4) that the proceeds from the sales would be invested in three separate escrow accounts, with the proceeds to go to the successful party on the preferential transfer issue. The Bankruptcy Court dismissed both the substantive bankruptcy petition and the adversary proceeding. On March 11, 2005, Harris filed a notice of appeal for the adversary proceeding, and on March 18, he filed a notice of appeal of the Chapter 13 case.

### III.  Discussion

**A.    Issues on Appeal**

Harris challenges as legal error: (1) the Bankruptcy Court's dismissal with prejudice of his Chapter 13 petition due to his failure to formulate a feasible plan, file federal and state income tax returns, and pay post-petition real property taxes, and (2) the Court's dismissal with prejudice of his adversary proceeding as moot after the dismissal of his Chapter 13 petition. The County maintains that the Bankruptcy Court properly dismissed with prejudice Harris' Chapter 13 petition and the related adversary proceeding.

**B.    Standard of Review**

5

The court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a). In regard to findings of law, the court may "affirm, modify or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013. The court reviews the bankruptcy court's findings of fact under a "clearly erroneous" standard, and its legal conclusions *de novo*. *See* FED. R. BANKR. P. 8013; *In re U.S. Lines, Inc.*, 318 F.3d 432, 435-36 (2d Cir. 2003). In applying the "clearly erroneous" standard of review, a district court may reverse the bankruptcy court only where it is "left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Mixed questions of law and fact are reviewed *de novo. See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003) (citations omitted). A court's interpretation of the text of court orders is considered a conclusion of law, and is subject to *de novo* review. *See In Re Duplan Corp.*, 212 F.3d 144, 151 (2d Cir. 2000). In matters committed to the discretion of the bankruptcy judge, the legal and factual findings are reviewed for abuse of discretion. *See In re Blaise*, 219 B.R. 946, 949-950 (B.A.P. 2d Cir. 1998). "The bankruptcy court abuses its discretion if it bases its decision on an erroneous view of the law or upon clearly

6

erroneous factual findings." *Id.*

**C.   Analysis**

   **1.   One-year Look Back Period**

Harris claims that the property transfers by Albany County are avoidable under 11 U.S.C. § 548.[6] In support of this theory, he claims that the County waived the one-year look back period in a purported stipulation between Harris and Albany County.[7]

---

[6]Harris alternatively argues that 11 U.S.C. § 544 authorizes a court to avoid a fraudulent transfer under state law. Even though Harris cites § 544 in his petition, this is the first time he raises this argument, and Judge Littlefield did not address its merits. Furthermore, the County has not had the opportunity to respond since Harris raised this alternative argument for the first time in his reply brief. *See Dkt. No. 22.*

"It is established law that an appellate court will not consider an issue raised for the first time on appeal." *Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 222 n.2 (2d Cir. 2000). The rule is true "even where the new appellate claim is purely a legal question following a summary dismissal proceeding." *Id.* (citation omitted). "[T]he appellate court may disregard the general rule when necessary to remedy an obvious or manifest injustice." *Id.* For these reasons, and because Harris failed to properly preserve this issue for appeal, the court declines to address it.

[7]Harris cites *In re Stanwick Financial Services* for the proposition that the one-year look back period is subject to equitable tolling principles. *See In re Stanwick Financial Serv's.*, 291 B.R. 25, 28 (Dist. Conn. 2003). However, that case is distinguishable because the *Stanwick* court applied the doctrine of wrongful concealment, which is not present in the instant case. *Id.*

Moreover, in his reply papers, Harris cites to *Herkimer Forest*

7

11 U.S.C. § 548[8] provides:

"The trustee may avoid any transfer ... of an interest of the debtor in property, or any obligation ... incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition."

Therefore, where payment was made more than one year after debtor's bankruptcy petition was filed, payment is not recoverable under preference or fraudulent transfer statutes. The County took deed to the two properties which Harris seeks to recover in January of 2001. Harris' current Chapter 13 petition was filed in August of 2004, over three years after the transfer of the properties in question. The Bankruptcy Court properly found that the sale of the two properties in 2001 occurred well before the one-year look-back period of 11 U.S.C. § 548 and that the

---

*Products, Corporation*, a newly decided and unpublished bankruptcy case which he claims to be on point. However, Harris mentions the case in passing without arguing the similarity of the facts, the holding, or the court's reasoning in *Herkimer* to the instant case. Harris also fails to supply the court with a copy of this decision. Without that information, the court cannot and will not consider *Herkimer* in its analysis.

[8]The court notes that 11 U.S.C. § 548 has recently been amended, and the statute now provides for a two-year look back period. However, this is of no moment since the transfer of the properties in question occurred in 2001, and Harris filed his current petition in 2004. Thus, Harris' petition was still filed outside the two-year look back period.

8

County of Albany did not intend to waive this time limitation.[9]

In regard to the third property, the Bankruptcy Court found that, even if Harris was successful on the fraudulent transfer issue, the proceeds from that sale are insufficient to satisfy his debt in full to his creditors.[10] Judge Littlefield found that Harris is in arrears on property taxes in the amount of approximately $446,000.00, and the value of the property at 24 Spring Street is $46,000.00. Even if Harris were successful on the fraudulent transfer issue with regard to the Spring Street property, this amount would

---

[9] 11 U.S.C. § 548(d)(1) sets a specific time when the transfer has occurred in determining whether it is fraudulent. If that date is within one year before the date that debtor filed his petition, and other elements of fraudulent transfer can be proven, the transfer is voidable. As Judge Littlefield properly noted, the one-year look back period bars Harris' claims that the County's seizure of his property was fraudulent.

[10] 11 U.S.C.A. § 1325 (a)(4) reads: "the court shall confirm a plan if -- the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." Chapter 13 allows debtors to discharge obligations which would otherwise not be dischargeable under Chapter 7. As Judge Littlefield concluded, even if Harris were successful on the fraudulent transfer issue regarding the third parcel, he would not be able to formulate a confirmable plan. Thus, Judge Littlefield did not consider the merits of the fraudulent transfer issue with respect to the third parcel.

be insufficient to redress his creditors' tax claims.[11]  Therefore, as Judge Littlefield properly noted, Harris would be unable to propose a confirmable plan.[12]

11 U.S.C. § 548 establishes a bright-line one-year time limit for avoiding fraudulent transfers.  Harris sought avoidance of two transfers which occurred outside of the one-year time period.  In addition, Harris would be unable to propose a confirmable plan even if he were successful on the fraudulent transfer issue regarding the third transfer at 24 Spring Street.  Accordingly, upon review, there was no error in the Bankruptcy Court's ruling on the one-year look back period, and Harris' petition is **DISMISSED**.

### 2. Adversary Proceeding

In dismissing with prejudice the Chapter 13 petition, Judge Littlefield's ruling mooted any other matter ancillary to Harris' substantive claim.  Accordingly, upon review, there was no error in the Bankruptcy

---

[11] Harris owes approximately $180,000.00 to his creditors.

[12] There have been a total of 14 proposed plans over the span of Harris' three bankruptcy petitions.  As Judge Littlefield explained, "[t]he debt structure is totally, from what this Court can perceive, totally out of line with any concept of income." *See Dkt. No. 16, p. 96.* For this reason, the Bankruptcy Court was unable to confirm a feasible plan.

Court's ruling, and Harris' adversary proceeding is **DISMISSED**.

**WHEREFORE**, it is hereby

**ORDERED** that the Bankruptcy Court's final decision and order is **AFFIRMED**; it is further

**ORDERED** that Harris' Chapter 13 petition is **DISMISSED** with prejudice; it is further

**ORDERED** that Harris' adversary proceeding is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order upon the parties.

April 17, 2006
Albany, New York

_Gary L. Sharpe_
United States District Court Judge

11